UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12268-GAO

CERNA RAIMONDORAY,
Petitioner,

v.

WARDEN JEFFREY GRONDOLSKY,
Respondent.

ORDER
August 2, 2012

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the respondent's motion be deemed one for summary judgment and that the petitioner's petition be denied. (Report & Recommendation (dkt. no. 14).) The petitioner has filed no objections to the Report and Recommendation. After review of the relevant pleadings and submissions, I conclude that the magistrate judge is correct.

Accordingly, I ADOPT the recommendation. The respondent's motion (dkt. no. 10) for summary judgment is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CERNA RAIMONDORAY, <br><br> Petitioner, <br><br> v. <br><br> J. GRONDOLSKY, <br><br> Respondent., | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 11-12268-GAO <br> ) <br> ) <br> ) <br> ) <br> ) |

REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION TO DISMISS, OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

[Docket No. 10]

July 9, 2012

Boal, M.J.

On December 19, 2011, petitioner Raimondoray Cerna ("Cerna")[1] filed, pro se, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Docket No. 1. Cerna claims that the Bureau of Prisons ("BOP") miscalculated the time remaining on the sentence imposed by the United States District Court for the Northern District of Illinois by not giving him credit for time during which he was previously incarcerated. Respondent J. Grondolsky ("Respondent") has moved to dismiss, or, alternatively, for summary judgment, on the basis that

---

[1] In his petition, Cerna lists his name as Cerna Raimondoray. Docket No. 1, p. 1. However, Cerna signed the Petition with the name Raimondoray Cerna, and documents Cerna attached to his Petition also reflect his name as Raimondoray Cerna. See Docket No. 1, p. 6; Docket No. 1-1, p. 4, 6, 9-13. Accordingly, this Court will refer to petitioner as Raimondoray Cerna.

1

the BOP correctly calculated Cerna's sentence. Docket No. 10.[2] For the following reasons, this Court recommends that the District Judge allow the Respondent's motion and dismiss Cerna's Petition.

## I. SCOPE OF THE RECORD

Respondent has filed a motion to dismiss, or, in the alternative, summary judgment. Docket No. 10. Respondent listed the facts in support of his motion separately as required by Local Rule 56.1 and filed the declaration of Jeff R. Johnson, a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center. Docket No. 11-1. The documents attached to Johnson's declaration include a portion of Cerna's presentence investigation report (Exhibit A), judgments in Cerna's criminal cases (Exhibits B, D, and E), portions of the BOP's Sentence Computation Manual (Exhibits G, H), Cerna's administrative appeals (Exhibit I), and records maintained in SENTRY "Sentence Monitoring Computation Data" (Exhibits C, F). Cerna attached the following documents to the Petition: Central Office Administrative Remedy Appeal (Docket 1-1, p. 4), Regional Administrative Remedy Appeal (Docket 1-1, p. 6-7), Inmate Request to Staff (Docket 1-1, p. 9-10), Request For Administrative Remedy (Docket 1-1, p. 13-15), and the respective BOP responses to these appeals and/or requests (Docket 1-1, p. 1-3, 5, 11-12, 16).

Respondent argues that the Court can decide the motion as a motion to dismiss and without reliance on the Johnson declaration because it can derive all of the relevant facts from the Petition, its attached administrative complaints, and federal court dockets. Docket No. 11, p.

---

[2] On January 31, 2012, the District Court referred the matter to this Court for a report and recommendation on dispositive motions.

3 n. 3. However, the Court finds the SENTRY data relevant to its analysis of the BOP's sentencing calculations, and the declaration contains a more complete record of Cerna's administrative appeals and the basis for the BOP's denial of those appeals. Accordingly, the Court will consider Respondent's motion as one for summary judgment.

## II. FACTUAL AND PROCEDURAL HISTORY[3]

### A. Cerna's Arrest And Sentencing

In August 2005, the government filed a criminal complaint in the Northern District of Illinois charging Cerna with illegal re-entry. RF, ¶ 4. Cerna was arrested on September 7, 2005, and entered into a plea agreement in March of 2006. RF, ¶¶ 5-6. On August 1, 2006, the District Court imposed a 28-month sentence. RF, ¶ 7; Johnson Declaration ("Johnson Decl.") ¶ 6; Exhibit B to Johnson Decl., Docket No. 11-1, p. 7. The BOP calculated that sentence as commencing on August 1, 2006 and afforded prior custody credit from September 7, 2005, the day he was arrested, through July 31, 2006, the day before sentencing. RF, ¶ 9; Johnson Decl., ¶ 7; Exhibit C to Johnson Decl., Docket No. 11-1, p. 15. Cerna completed his sentence on September 19, 2007. RF, ¶ 10; Johnson Decl., ¶ 9; Exhibit C to Johnson Decl., Docket No. 11-1, p. 15.[4] He remained in federal custody pending resolution of wire fraud charges. Johnson Decl., ¶ 9; Exhibit C to Johnson Decl., Docket No. 11-1, p. 15.

---

[3] The facts, unless otherwise noted, are undisputed. The facts are derived from the statement of facts found in Respondent's Memorandum In Support ("RF"), Docket No. 11, p. 5-8, the Johnson Declaration, the Petition, and the administrative complaints attached to the Petition, Docket No. 1-1.

[4] During that same time period, Cerna served twelve months imprisonment for a violation of supervised release in a different case, United States v. Cerna, 02-cr-00697 (N.D. Ill.). RF, ¶ 4 n. 4; Johnson Decl., ¶ 8; Exhibit D to Johnson Decl., Docket No. 11-1, p. 19-20. This sentence has no effect on the instant dispute.

3

On December 11, 2006, while Cerna was serving his sentence on the illegal re-entry charges, the government filed a criminal complaint in the Northern District of Illinois charging Cerna with multiple counts of, inter alia, wire fraud and money laundering. RF, ¶ 11. Cerna was arrested on these charges on December 15, 2006. RF, ¶ 12; United States v. Cerna, 06-cr-00923 (N.D. Ill.) (Docket entry December 15, 2006). Cerna pled guilty to two counts of the subsequent indictment on October 10, 2007. RF, ¶ 13; United States v. Cerna, 06-cr-00923 (N.D. Ill.) (Docket Nos. 290, 291). On June 15, 2010, the District Court imposed a 180 month sentence on each of two counts of a superseding indictment and ordered that those sentences run concurrently with each other.[5] RF, ¶ 18; Exhibit E to Johnson Decl., Docket No. 11-1, p. 22. BOP calculated the sentence as commencing on June 15, 2010, the date of sentencing. Johnson Decl., ¶ 11; Exhibit F to Johnson Decl., Docket No. 11-1, p. 31. The BOP awarded Cerna credit for time spent in federal custody from September 20, 2007, the day after he completed his illegal re-entry sentence, to June 14, 2010, the day before sentencing on the wire fraud charges. Id.

Accordingly, Cerna's sentencing chronology can be summarized as follows:

| Date | Event |
|---|---|
| September 7, 2005 – July 31, 2006 | Held pending federal illegal re-entry charges |
| August 1, 2006 | Sentenced to 28 months for illegal re-entry |
| December 15, 2006 | Arrested on wire fraud charges |
| September 19, 2007 | Illegal re-entry sentence completed |
| September 20, 2007 – June 14, 2010 | Held pending federal wire fraud prosecution |
| June 15, 2010 | Sentenced to 180 months for wire fraud |

---

[5] Thus, to the extent that Cerna argues that his wire fraud sentence and illegal re-entry sentences were to run concurrently, see Petition, p. 4, this is incorrect.

4

B.  Cerna's Administrative Complaint[6]

On June 13, 2011,[7] Cerna filed an administrative claim contending that he had been denied 15 months of pre-sentence credit for time he was held in custody for his arrest on illegal re-entry charges in September 2005 to his arrest on wire fraud charges in December 2006.[8] Exhibit I to Johnson Decl., Docket No. 11-1, p. 43; see also Petition, Ex. A, p. 12-15.

The BOP denied Cerna's appeal on June 27, 2011. Petition, Ex. A, p. 16; Exhibit I to Johnson Decl., Docket No. 11-1, p. 42. The BOP stated that the time Cerna requested had been already credited toward his illegal re-entry sentence, and that, pursuant to 18 U.S.C. § 3585(b), this time could not be awarded for his current sentence for wire fraud. Id. Cerna appealed this decision on July 11, 2011. Exhibit I to Johnson Decl., Docket No. 11-1, p. 41. The BOP upheld the administrative decision on August 18, 2011. Exhibit I to Johnson Decl., Docket No. 11-1, p. 39-40. In addition, the BOP stated that during its investigation of Cerna's administrative complaint, it learned that it had improperly awarded 279 days of pre-sentence credit to Cerna (December 15, 2006 through September 19, 2007) that it had credited already toward Cerna's

---

[6] A prisoner must exhaust his administrative remedies before seeking judicial review of a pre-sentence credit determination. See 28 C.F.R. §§ 542.10-542.16; Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999). The parties do not dispute that Cerna exhausted his administrative remedies.

[7] Cerna also submitted this request on an "Inmate Request To Staff" form on April 13, 2011, which was denied on May 23, 2011. Petition, Ex. A, p. 9-11.

[8] Cerna alternatively claims credit for time commencing on either December 11, 2006 or December 14, 2006, and erroneously asserts that he was indicted for wire fraud on these dates. See Petition, Exhibit A, p. 9, 13; Exhibit I to Johnson Decl., Docket No. 11-1, p. 41, 43. The docket in the underlying action, United States v. Cerna, 06-cr-923 (N.D. Ill.), indicates that Cerna was charged in a complaint for wire fraud on December 11, 2006 and was arrested on these charges on December 15, 2006. United States v. Cerna, 06-cr-923 (N.D. Ill.), Docket No. 1; Docket December 15, 2006.

illegal re-entry sentence. Id. at 39. As a result, the BOP corrected its calculation and moved Cerna's projected release date from January 9, 2020, to October 14, 2020. Id.

On September 2, 2011, Cerna appealed to the Central Office both his original claim and the August 8, 2011 addition of nine months to his sentence. Exhibit I to Johnson Decl., Docket No. 11-1, p. 38. On November 9, 2011, the Administrator for National Inmate Appeals upheld the calculation. Exhibit I to Johnson Decl., Docket No. 11-1, p. 37-38. Cerna filed his petition on December 19, 2011.

## III. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Sanchez v. Alvarad, 101 F.3d 223, 227 (1st Cir. 1996) (quotations and citations omitted). A material fact is one which has "the potential to affect the outcome of the suit under the applicable law." Id. (quotations and citations omitted).

The moving party bears the initial burden of establishing that there is no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial. See id. at 324. "[T]he non-moving party 'may not rest upon mere allegation or denials of his pleading,'" but must set forth specific facts showing that there is a genuine issue for trial. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841

(1st Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).

The court must view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. See O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate." Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

B.  28 U.S.C. § 2241

Cerna has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A "motion pursuant to § 2241 generally challenges the *execution*[9] of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (quoting Jiminian, 245 F.3d at 146) (emphasis in original). Because Cerna is challenging the computation of his sentence, his petition is properly brought pursuant to Section 2241. In addition, a motion under Section 2241 must be brought in the district where the prisoner is incarcerated. United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999). At the time he filed his petition, Cerna was incarcerated in the Federal Medical Center Devens in Massachusetts. Accordingly, this Court has jurisdiction over Cerna's petition.

---

[9] To the extent that Cerna challenges the legality of his sentence, i.e. that he received an improper sentence enhancement (See e.g., Docket No. 13, p. 1), such challenge must be brought in the sentencing jurisdiction. See 28 U.S.C. § 2255; United States v. Barnett, 178 F.3d 34, 51 (1st Cir. 1999); Gonzalez v. United States, 150 F. Supp.2d 236, 241 (D. Mass. 2001) (citing Jiminian v. Nash, 245 F.3d 144, 147-48 (2nd Cir. 2001)).

C. Sentence Computation

Title 18, United States Code, Section 3585 governs the calculation of a term of imprisonment. Pursuant to Section 3585(b), a defendant will receive credit on his sentence for time spent in prior custody if: (1) the time served was imposed as a result of the offense for which the sentence was imposed, see 18 U.S.C. § 3585(b)(1); or (2) the time served is a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, see 18 U.S.C. § 3585(b)(2).[10] A computation of a credit must occur after a defendant begins his sentence – a district court cannot apply Section 3585(b) at sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992). Allowances for credit are limited to such time "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Cerna alleges that the BOP did not calculate his sentence correctly because he should have received credit for the 15 months he was incarcerated from September 7, 2005 (the date he was arrested on the illegal re-entry charges) until December 2006 (the date he was arrested for wire fraud). Petition, p. 4; Docket No. 11-1, p. 44. Cerna also challenges the BOP's determination that it had erroneously given Cerna credit for 279 days and its decision to remove that credit and recalculate his release date. Petition, p. 5-6. Cerna agues that he should have received credit in both instances because his illegal reentry conviction and wire fraud

---

[10] Title 18, United States Code, Section 3585(a) governs the commencement of a sentence. Pursuant to 18 U.S.C. § 3585(a), the earliest date that a federal sentence may commence is the date it is imposed. Cerna does not challenge the date of the commencement of his sentence, nor would such a challenge be viable. The BOP calculated his 28 month sentence on his illegal reentry charges as commencing on August 1, 2006, the date of sentencing. Exhibit C to Johnson Decl., Docket No. 11-1, p. 15. The BOP calculated Cerna's 180 month sentence on the wire fraud charges as commencing on June 15, 2006, the date of sentencing. Exhibit F to Johnson Decl., Docket No. 11-1, p. 31.

convictions are related. Id. at p. 4, 5. Respondent argues that Cerna cannot obtain credit for those periods on his wire fraud sentence because he already received credit for them during his illegal re-entry sentence. Docket No. 11, p. 10. This Court agrees.

Pursuant to 18 U.S.C. § 3585(b), the BOP can only award credit for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). The BOP credited to Cerna's illegal re-entry sentence the time from the date of his arrest on September 7, 2005 until the day his sentence on that charge was imposed, July 31, 2006. Johnson Decl., ¶ 7, Exhibit C to Johnson Decl., Docket 11-1, p. 15. Cerna was serving his sentence on the illegal re-entry charges from August 1, 2006 until September 19, 2007. Exhibit C to Johnson Decl., Docket No. 11-1, p. 15. Accordingly, the 15 month time period for which Cerna seeks credit toward his wire fraud sentence was already credited toward his illegal re-entry sentence. Pursuant to Section 3585(b), Cerna cannot receive double credit for this time. Accordingly, the BOP correctly credited Cerna for his time served.

Cerna's claim that the BOP erroneously removed 279 days of credit from his sentence also fails. The BOP originally awarded Cerna credit for 279 days served from December 15, 2006 until September 19, 2007. Exhibit I to Johnson Decl., Docket No. 11-1, p. 39. Cerna was serving his sentence for illegal re-entry during this time period. Exhibit C to Johnson Decl., Docket No. 11-1, p. 15. Upon review of Cerna's appeal, the BOP determined that the 279 days could not be credited toward Cerna's wire fraud sentence because it already had been credited to his illegal re-entry sentence. Exhibit I to Johnson Decl., Docket No. 11-1, p. 39. As stated above, Cerna cannot receive credit twice for time spent in custody. Because the 279 days were already credited to Cerna's illegal re-entry sentence, they could not then be applied to his wire

fraud sentence calculation. Accordingly, the BOP did not err when it removed this erroneous credit from his sentence.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the District Court grant Respondent's motion and dismiss Cerna's petition.

## V. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge